6. The 2004 Version is a derivative work under the provisions of the Copyright Act because it contains substantial materials from pre-existing programs owned by HES, including without limitation those identified as having been written by Messrs Ellis, Ezell and Baldridge. Accordingly, HES has the sole and exclusive right to copy and use the 2004 Version as a derivative work.

7. McVay's use and/or copying of the 2004 Version:

A. violates HES' exclusive right to created derivative works under the Copyright Act;

B. would violate the IPA provisions prohibiting use of HES' confidential information; and

C. would violate the IPA provisions granting HES' ownership.

8. HES has incurred damages and incurred attorneys' fees which are both reasonable and necessary in the prosecution of its claims against McVay and to successfully defend against the counterclaims asserted by McVay. It was necessary for HES to defend against the counterclaims of McVay in order to prevail and obtain recovery under its claims. HES is entitled to recover compensation paid to McVay during the time period of his breach of his fiduciary duty to HES. $__________ represents a total award in this case to HES and against McVay.

9. HES is entitled to and should recover simple interest on its damages awarded in the amount of eight and one quarter percent (8¼%), compounded annually.

10. To the extent the findings of fact in the preceding section contain in whole or in part conclusions of law, those conclusions of law are incorporated by referenced and are adopted as if fully set forth herein.

## RELIEF AWARDED

Having made the findings of fact and conclusions of law set out above, the Arbitrator awards the following relief to Claimant HES:

1. McVay shall specifically perform McVay's obligations to HES under the terms of the Intellectual Property Agreement, including each of the following items:

   A. McVay shall return and deliver all memoranda, notes, records, drawings, or other documents made or compiled by him, or made available to him while employed by HES concerning any process, apparatus, or product manufactured, used, developed, investigated, or considered by HES, or concerning any other HES activity, to HES within five (5) days of the date of this Order;

   B. McVay shall not, at any time, use for himself or others, or divulge to others, any secret or confidential information, knowledge, or data of HES, obtained as a result of his employment, unless first authorized by HES in writing;

   C. McVay shall assist and cooperate with HES by executing any and all documents necessary to document the assignment to HES of McVay's right, title and interest in and to any and all inventions which relate to HES business which McVay conceived, devised or invented, in whole or part, solely or jointly, while an employee of HES, for the entire period of time from January 15, 2001 to January 4, 2006, inclusive; and

   D. McVay shall assist HES in the protection of HES' worldwide right, title and interest in and to all Works and all rights of copyright therein, including execution of formal assignment documents requested by HES, of any computer programs or other works of authorship which McVay developed or assisted in developing while an employee of HES, for the entire period of time from January 15, 2001 to January 4, 2006, inclusive; and

   E. For purposes of determining compliance with this Award, a directive for McVay to perform or refrain from an act or acts includes those acting at the instance of, request of, or in concert with McVay.

2. McVay return and/or deliver to counsel for HES for destruction or other disposition, within five (5) days of this Order, all paper and electronic copies of all documents and all tangible things which have or have had copies of documents concerning, regarding or

relating to HES or its correspondence, products, processes, and business including but not limited to the following:

A. all documents and things currently being held and possessed by McVay's counsel under the terms of the Agreed Order signed by the Arbitrator on January 31, 2006;

B. the five (5) boxes of paper copies and tangible items, including HES documents, such as engineering drawings, HES emails, HES training materials, HES' customers' information, and four (4) mini-CDs of information containing photographs of HES products and product parts;

C. all documents concerning, regarding or relating to HES stored electronically on two (2) home computers (a Dell XPS and a Dell Dimension) including all versions of the "Performance Envelope Software" and related programs;

D. all emails and materials on his personal Yahoo email account and any other personal email account concerning, regarding or relating to HES;

E. the hard drives from McVay's two (2) home computers (a Dell XPS and a Dell Dimension), which hard drives shall be delivered to counsel for HES for destruction;

F. the USB-port "thumb" drive McVay used to transfer HES documents to his home computer on January 1, 2006, which drive shall be delivered to counsel for HES for destruction;

G. any and all other electronic storage devices which currently have or ever had HES documents stored thereon, including disks, CDs, DVDs, thumb drives, memory sticks, USB-port drives, zip drives, computer hard drives, and/or external hard drives;

H. all paper and electronic copies of all documents concerning, regarding or relating to HES delivered by McVay to anyone with access to the "hytech7@cox.net" email account (the "hytech7" account) and any copies that were forwarded from the "hytech7" account to others;

I. all paper and electronic copies of all documents concerning, regarding or relating to HES delivered by McVay to Leland McVay, James Castaneda, Cindy Rakers, or any other person and any copies that were forwarded from the "hytech7" account to others;

J. all copies, paper and electronic, of all versions of any spreadsheet, software or program concerning, relating to, regarding or constituting

Packer Performance Envelopes or the calculation, compilation or manipulation thereof, including any Excel spreadsheets and/or software programs;

K. all materials produced in discovery by HES or other to McVay's counsel during the course of this arbitration proceeding; and

L. for purposes of determining compliance with this Award, a directive for McVay to perform or refrain from an act or acts, including without limitation the directive to produce, return, or destroy documents, includes those acting at the instance of, request of, or in concert with McVay.

3. McVay shall, within twenty (20) days of complying with each and all of the requirements listed above in Paragraph (2) certify by sworn statement delivered to counsel for HES and the Arbitrator that:

A. McVay has complied with the Arbitrator's Award and detailing efforts undertaken to comply with same;

B. neither he nor anyone with access to the "hytech7" account possess or control any electronic, paper, or other copies of the documents and things being held and possessed by his counsel under terms of the January 31, 2006 Agreed Order;

C. no electronic or other copies of any documents or things sent to the "hytech7" address, to James Castaneda, or Cindy Rakers, by McVay, that concern HES, or its products or processes, have been provided to any third party and/or that all such copies have been returned to HES, in which case McVay shall detail the following: all such documents sent to any third party, the name(s) of the third party, the email address(es) the documents were sent to, and the last known address(es), email address(es) and phone number(s) of any such third party; and

D. McVay has not delivered to anyone outside of HES, other than those with access to the "hytech7" account, James Castaneda and Cindy Rakers, any paper or electronic copies of any documents relating to HES or its products or processes.

4. Within twenty (20) days of this Award, McVay shall provide, at his own expense, sworn statements from the following persons in which they state that they have given to McVay all copies, electronic or paper, of any and all documents concerning, relating to, or regarding

HES, its products or processes, in their possession, custody, or control, whether sent to them by McVay or otherwise obtained, that no such documents remain in their possession, custody, or control, and that they have not given or sent any such documents to any third parties:

A. Leland McVay;

B. James Castaneda; and

C. Cindy Rakers.

5. If the provisions of the above Paragraph (4) are not complied with by persons the persons listed therein, McVay shall provide a sworn statement to counsel for HES and the Arbitrator detailing efforts undertaken by McVey to comply with the above Paragraph (4) and listing the last known address, email address, and phone number for each of the persons listed in Paragraph (4).

6. McVay hereby is permanently enjoined from consulting or otherwise working in the packer industry, or from accepting employment with any company that designs, manufactures or sells packers or packer performance envelopes, so as to prevent his disclosure or use of HES' trade secrets and confidential information; and, that should McVay violate this Paragraph, that McVay pay to HES, as liquidated damages, an amount equal to his salary, other remuneration or payments, received from any such employer or for any such consulting work.

7. McVay and those acting at the instance of, at the request of, and in concert with him are permanently enjoined from using or disclosing any information contained in any HES Design Standard.

8. HES shall have and recover of and from McVay its damages caused by McVay, as follows:

A. actual damages of $1,200.00 for paper and printing costs associated with the paper copies of HES emails printed and taken by McVay to his home;

B. mitigation damages of $7,200.00 for HES employee time expended in mitigating damage done by McVay;

C. actual damages of $30,000.00 necessarily expended by HES in attorneys' fees to protect its interests in defending an action against Leland McVay due to McVay's actions;

D. mitigation damages of $11,828,00 paid by HES to a computer-forensics expert to perform electronic searches and retrieve identified electronic data from the mirror images of McVay's home computers;

E. mitigation damages of an additional $5,018.75 paid by HES to a computer forensics expert to perform analysis and retrieve information from the USB-port thumb drive McVay utilized to transfer HES materials to his home computer;

F. $8,173.00 as forfeiture of compensation paid by HES to McVay during the period of McVay's disloyalty to HES, being an amount equal to McVay's salary ($6,539 per month) from December 19, 2005 (the date of his first download of HES materials onto the thumb drive) through January 4, 2006 (his last day of employment), plus three weeks vacation pay paid to McVay for 2006;

G. attorneys' fees and costs in an amount of $800,000 reasonably expended by HES in the prosecution of its claims; and

H. with the amounts set forth in items (a) through (i), inclusive, to bear simple interest at the amount of eight and one quarter percent (8¼%), compounded annually, from the date of this Award until paid.

9. McVay shall take nothing by his counterclaims asserted against HES, which counterclaims are DENIED in full.

10. All relief not expressly granted by this Award is denied. This Award is intended to and does resolve with finality all matters brought before the Arbitrator in this arbitration proceeding for resolution.

SIGNED this ___ day of _________, 2007:

Karen Fitzgerald
Arbitrator, American Arbitration Association

**Gregory M. Clift**

**From:** Stacey Coe [Coes@adr.org]
**Sent:** Friday, March 09, 2007 10:25 AM
**To:** Gregory M. Clift; pschroeder@ipoftexas.com
**Subject:** RE: HES v. McVay, 710480 00074 06

**Importance:** High

Gentlemen,

The Arbitrator has advised she does not want to receive a copy of the proposed award. The hearings are declared closed and she will accept no further materials from the parties. The Award remains due on March 22, 2007.

Thank you,

Stacey L. Coe
American Arbitration Association
Employment Case Manager
(800) 804-8865 direct
(972) 490-9008 fax
coes@adr.org

-----Original Message-----
From: Gregory M. Clift [mailto:gclift@cdklawyers.com]
Sent: Tuesday, March 06, 2007 9:19 PM
To: pschroeder@ipoftexas.com; Stacey Coe
Cc: Gregory M. Clift
Subject: Re: HES v. McVay, 710480 00074 06

Ms Coe
This is clearly an attempt to improperly communicate with the arbitrator and file unrequested argument otherwise not contemplated. We request this blatant attempt to "nudge" the arbitrator be immediately stricken and otherwise ignored. If any proposed order, or language regarding same, is to be presented, we should be provided ample opportunity to
propose same. However, such should be at Claimant's expense at it has
initiatied this improper, unorthodox tactic.

GREGORY M. CLIFT
CLOUSE DUNN KHOSHBIN LLP
O: 214-239-2777
C: 972-672-6146

-----Original Message-----
From: Peter Schroeder
To: coes@adr.org
CC: Gregory M. Clift
Sent: Tue Mar 06 20:24:48 2007
Subject: HES v. McVay, 710480 00074 06

HES v. McVay
Case no. 710480 00074 06

Stacey:

Find attached sample injunctive language which might be helpful to the Arbitrator. Please inquire of the Arbitrator whether she wishes to have such, and if so, please forward the attached to her. Counsel for McVay is copied on this email. Thank you.

Peter Schroeder
Crutsinger & Booth, LLC
1601 Elm St., Ste. 1950
Dallas, Texas 75201

<<030607 Proposed Award.doc>>

ORIGINAL

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CHESTER SHANE MCVAY

**DEFENDANTS**
HALLIBURTON ENERGY SERVICES, INC.

3-07CV1101-M

(b) County of Residence of First Listed Plaintiff: Tazewell County, Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rogge Dunn, Gregory M. Clift, Clouse Dunn Khoshbin LLP, 1201 Elm St., Suite 5200, Dallas, TX 75270, (214) 220-3888

Attorneys (If Known)
Crutsinger & Booth, LLC, 1601 Elm St., Suite 1950, Dallas, TX 75201

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

RECEIVED
JUN 20 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

Brief description of cause: MOTION TO VACATE FINAL ARBITRATION AWARD; 9 U.S.C. § 10

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) PENDING OR CLOSED** (See instructions): JUDGE DOCKET NUMBER

DATE 6/20/07 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE