IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHESTER SHANE MCVAY, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1101-O-BH |
| | § | |
| HALLIBURTON ENERGY | § | |
| SERVICES, INC., | § | |
| | § | |
| **Defendant.** | § | **PRETRIAL MANAGEMENT** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions, and issuance of findings of fact and recommendation on dispositive motions. Before the Court are *Motion of Chester Shane McVay to Vacate Final Arbitration Award and Brief in Support* (doc. 1) ("P. Mot."), filed June 20, 2007, and *HES' Opposition to McVay's Motion to Vacate Arbitration Award and Cross-Motion to Confirm the Award and Brief* (doc. 5) ("D. Mot."), filed July 10, 2007.  Based on the relevant filings, evidence, and applicable law, the Court recommends that Plaintiff's motion to vacate the final arbitration award be **DENIED**, Defendant's cross-motion to confirm the award and its request for prejudgment and post-judgment interest be **GRANTED**, and Defendant's request for attorney's fees be **DENIED**.

### I.  BACKGROUND[1]

This case arises from an intellectual property ("IP") agreement between Plaintiff, Chester Shane Mcvay, and his one-time employer, Halliburton Energy Services, Inc. ("HES").  In early

---

[1]  The background facts are derived from the parties' pleadings and are not contested.

2001, Plaintiff executed an IP agreement with HES and began working there as an employee. A few years later, Plaintiff accepted a job offer from another employer and announced his resignation to HES. During his exit interview, HES asked Plaintiff to return all documents, electronic or otherwise, belonging to HES. Plaintiff responded by claiming intellectual property ownership of a software program that he had worked on while an HES employee. HES subsequently filed a lawsuit and obtained a temporary restraining order against Plaintiff to compel production of the disputed documents. As a result of the restraining order, Plaintiff produced some documents and electronic files but retained possession of others. After substantial legal wrangling, HES initiated arbitration against Plaintiff for breach of their IP agreement. On March 21, 2007, the arbitrator found that Plaintiff had breached the agreement and awarded HES injunctive relief, breach of contract damages, reasonable and necessary attorneys fees, and expert witness costs. Plaintiff now moves the Court to vacate the arbitration award, and HES cross-moves to confirm the award.

## II.  PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD

Plaintiff moves for vacatur of the arbitration award on three grounds. He first moves to vacate the final award arguing that the arbitrator was partial in making the award. (P. Mot. at 3-5). Alternatively, he moves to vacate portions of the award, claiming that the arbitrator exceeded her powers and acted in manifest disregard of the law. (P. Mot. at 5-9).

A.      **Legal Standard**

Pursuant to the Federal Arbitration Act ("FAA"), if the parties have agreed that a judgment of the court shall be entered upon the entry of an arbitration award, then upon application by a party, the court must grant such an order unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. The FAA authorizes a district court to vacate an arbitration award where: (1) the award was

procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption

among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of

one of the parties; or (4) the arbitrators exceeded their powers.  9 U.S.C. § 10(a).  The Court may

vacate an arbitration award under the FAA only for these statutory reasons.  *Hall Street Assocs.,*

*L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 (2008) (holding that § 10 provides the exclusive grounds

for expedited vacatur); *Citigroup Global Mkts. Inc.v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009)

(overruling previous non-statutory grounds for supporting vacatur of an arbitration award).  The

court is to give deference to the arbitrator's decision and review of an arbitration award is

"extraordinarily narrow."  *Glover v. IBP, Inc.*, 334 F.3d 471, 473-74 (5th Cir. 2003).

**B.**     **Partiality**

Plaintiff first moves the Court to vacate the final award claiming that the arbitrator was

partial in making the award.  (P. Mot. at 3-5).

Section 10(a)(2) of the FAA authorizes a district court to vacate an arbitration award if there

is "evident partiality[2] or corruption in the arbitrators."  9 U.S.C. § 10(a)(2).  The party asserting

evident partiality has the burden of proof.  *Mantle v. Upper Deck Co.*, 956 F.Supp. 719, 729 (N.D.

Tex. 1997) (Fitzwater, J.).  The party carrying this "onerous burden" must produce specific facts.

*Id.*  Additionally, "the alleged partiality must be direct, definite and capable of demonstration rather

than remote, uncertain, or speculative."  *Id.* (citations and internal quotations omitted).  A party "can

establish evident partiality by demonstrating that the arbitrator failed to disclose relevant facts or

that he displayed actual bias at the arbitration proceeding."  *Weber v. Merrill Lynch Pierce Fenner*

---

[2] Plaintiff first argued that the parties had contracted for a "mere appearance of bias standard" for evaluating the arbitrator's partiality, and that § 10(a)(2)'s evident partiality standard did not apply. (P. Mot. at 4).  He now concedes that under the recent Supreme Court decision in *Hall Street*, § 10 provides the exclusive regime for judicial review of an arbitration award under the FAA.  (*See* doc. 19).

*& Smith*, 455 F.Supp.2d 545, 549 (N.D. Tex. 2006) (Fitzwater, J.) (citations omitted). *Id.* Plaintiff

seeks to establish evident partiality by showing non-disclosure and actual bias.

**1.    Non-Disclosure**

To evaluate evident partiality in non-disclosure cases, the Fifth Circuit has adopted a

"reasonable impression of bias" standard. *Positive Software Solutions Inc. v. New Century Mortg.*

*Corp.*, 476 F.3d 278, 283 (5th Cir. 2007). Under this standard, a party seeking to vacate an

arbitration award must demonstrate something more than a mere appearance of bias emanating from

the arbitrator's failure to disclose a contact or relationship; it must show a reasonable impression of

bias created by the arbitrator's non-disclosure. *See id.* at 282-84, *see also Bernstein Seawell & Kove*

*v. Bosarge*, 813 F.2d 726, 732 (5th Cir. 1987). To rise to the level of evident partiality, "[a]n

arbitrator's failure to disclose must involve a significant compromising connection to the parties,"

not something "trivial and insubstantial." *Positive*, 476 F.3d at 282-83.

Plaintiff argues that the arbitrator demonstrated evident partiality by waiting until after the

arbitration hearing to disclose a social relationship. (P. Mot. at 3-4). Plaintiff alleges that the

arbitrator and her husband were neighbors with, and had a social relationship with, the son of a

named party to the proceeding. He claims that the arbitrator's husband corresponded with the

neighbor and even picked up his mail. He further claims that the arbitrator revealed this social

relationship after the arbitration hearing even though the relationship was discoverable a month

before the hearing. This suspiciously-timed revelation, he alleges, created a reasonable impression

of bias.

Even though the arbitrator disclosed the social relationship two months before she issued the

final arbitration award, Plaintiff waited until after the arbitration award to claim partiality based on

non-disclosure.  Plaintiff waived any objection based on non-disclosure when he failed to object to

the continued service of the arbitrator after she disclosed the relationship.  *See Ergobilt, Inc. v.*

*Neutral Posture Ergonomics, Inc.*, 2002 WL 1489521, at *5 (N.D. Tex. 2002) (Lindsay, J.).  A party

cannot stand by during arbitration, withhold certain arguments, and upon losing, raise those

arguments in federal court.  *Gateway Techs. Inc., v. MCI Telecomms. Corp.*, 64 F.3d 993, 998 (5th

Cir. 1995).  Since Plaintiff has waived any objections based on non-disclosure, the Court should not

vacate the award on these grounds.

    2.    **Actual Bias**

    Plaintiff moves to vacate the final award on grounds that the arbitrator displayed actual bias

and evident partiality in issuing the award.  (P. Mot. at 4-5; doc. 19).

    The court uses an objective standard to determine whether the arbitrator displayed actual bias

at the arbitration proceeding.  *Weber*, 455 F.Supp.2d at 550 (citing *Mantle*, 956 F.supp. at 729).

Under this standard, a mere appearance of bias by the arbitrator is not enough.  *Id.*  Rather, the party

asserting actual bias must produce specific facts to show that "a reasonable person would have to

conclude that the arbitrator was partial to one party."  *Id.* (citations and internal quotations omitted).

    Here, Plaintiff claims that the arbitrator displayed actual bias by improperly reviewing HES'

proposed award while not giving him an opportunity to present his own for consideration.  He

concedes that the arbitrator refused to consider the proposed award when HES submitted it for

consideration, but relies on similarities in language in the proposed and final awards to conclude that

the arbitrator improperly reviewed the proposed award.  Plaintiff does not account for the fact that

the final award's language is much more similar to language in a reply brief that HES properly

submitted to the arbitrator for consideration.  Given these facts, a reasonable person would not have

to conclude that the arbitrator improperly reviewed and relied on HES' proposed award thus displaying actual bias towards Plaintiff.

Plaintiff also claims actual bias by alleging that the arbitration was "marred with irregularities from files used as evidence having been resaved and modified, personal files going missing from computers after searches, and disregard for the clear terms of a questionably-obtained temporary restraining order." (P. Mot. at 5). However, he does not provide specific facts to show that the irregularities, if any, were linked to the arbitrator. Plaintiff's allegations of actual bias are at most remote, uncertain, and speculative rather than direct, definite, and capable of demonstration. *See Mantle*, 956 F.Supp. 729. Since Plaintiff has failed to meet his burden to show actual bias, the Court should deny vacatur of the arbitration award on these grounds.

## C.   **Exceeding Powers**

Plaintiff moves to vacate portions of the arbitration award on the grounds that the arbitrator exceeded her powers. (P. Mot. at 5).

An arbitration award may be vacated where an arbitrator exceeds his powers. *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002). To determine whether an arbitrator exceeded his powers, a court must examine the language in the arbitration agreement. *Glover*, 334 F.3d at 474. When an arbitration agreement gives an arbitrator authority to interpret and apply a contract, the arbitrator's construction of that contract must be enforced as long as the arbitrator's decision "draws its essence" from the underlying contract. *Id.*; *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994). In other words, a court "must affirm the arbitrator's decision if the decision is rationally inferable from the letter or purpose of the underlying agreement." *Executone*, 26 F.3d at1320. In deciding whether the arbitrator exceeded his authority, a court must resolve all doubts

in favor of the arbitrator's decision.  *Id.* at1320-21.

Plaintiff moves to vacate the breach of contract damages award on the ground that the arbitrator improperly included expert fees in the award in contravention of HES' dispute resolution rule ("DRR") 32.D which provides that "the fees and expenses of experts...retained or consulted by a Party shall be borne by the party utilizing those services." (P. App. at 011).  While the arbitrator did include expert fees in her award of breach of contract damages, she characterized them as reasonable and necessary mitigation expenses recoverable under the law[3] in a breach of contract action.  (P. App. at 025).  The arbitrator's authority to grant expert fees as mitigation damages is rationally inferable from DRR 30, DRR 33, and § 8 of HES' dispute resolution plan.  (*See* P. App. at 005-006, 010-011).  DRR 30 requires the arbitrator to be bound by applicable law while § 8 of HES' dispute resolution plan grants her very broad authority to determine applicable law as well as grant any relief, legal or equitable, that a court would grant based on a particular claim.[4]  *Id.*  Most significantly, DRR 33 requires the arbitrator to interpret the rules "insofar as they relate to [her] powers and duties." (P. App. at 011).  It is also noteworthy that DRR 32.D does not prohibit the award of expert fees as mitigation damages even if it requires that the parties bear their own expert fees and expenses.  (P. App. at 011).  "If an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious errors does not suffice to overturn his decision." *Major League Baseball Players Ass'n v.*

---

[3] In granting  expert fees as part of the breach of contract damages award, the arbitrator explained that she relied on case law that HES submitted to her and that allowed a plaintiff in a breach of contract action to recover reasonable and necessary mitigation expenses.  (P. App. at 025).

[4] Specifically, § 8 provides: "In the case of arbitration, the arbitrator shall have the authority to determine the applicable law and to order any and all relief, legal or equitable, including punitive damages which a party could obtain from a court of competent jurisdiction on the basis of the claims made in the proceeding."  (P. App at 005-006).

*Garvey*, 532 U.S. 504, 509 (2001). Since the arbitrator's award of expert fees as mitigation damages derives its essence from the underlying arbitration agreement, the Court should not vacate this award.

Plaintiff next moves the Court to strike down the award of expert witness costs to HES. He alleges that the arbitrator awarded expert witness costs to HES in violation of DRR 32.D which requires parties utilizing the services of experts "retained on consulted" to bear their fees and expenses. (P. App. at 011). Plaintiff, however, does not take into account DRR 32.A which allows the arbitrator to award "witness" expenses.[5] *Id.* Based on the language of DRR 32.A and DRR 32.D, it can be inferred that the arbitrator could award expert witness costs, even if she could not award costs for experts consulted or retained for other purposes. Since the arbitrator's award of expert witness costs is rationally inferable from the underlying arbitration agreement, the Court should not vacate this award. *Executone*, 26 F.3d at 1320.[6]

## D.    Manifest Disregard of the Law

Plaintiff moves the court to set aside the award of injunctive relief and attorney's fees on the grounds that the arbitrator made the awards in manifest disregard of the law. (P. Mot. at 7-9).

The Fifth Circuit previously recognized manifest disregard of the law as a non-statutory or common law ground for vacating an arbitration award. *See e.g. Sarofim v. Trust Co. of the West*, 440 F.3d 213, 216 (5th Cir. 2006). Recently, however, it overruled its own precedent in *Citgroup*

---

[5] DRR 32.A states that "the expenses of witnesses shall be borne by the party producing such witnesses, except as otherwise provided by law or in the award of the arbitrator." (P. App. at 011)

[6] HES contends that Plaintiff waived his "exceeds powers" argument by not raising it to the arbitrator based on Rule 32.D. Even though Plaintiff did not object to the arbitrator's authority based on Rule 32.D, he did object to the award of expert fees under Texas law. (D. App. at 034-036); *See NetKnowlege Techs., L.L.C. V. Rapid Transmit Techs.*, No. 3:02-CV2406-M, 2007 WL 518548, at *3 (N.D. Tex. Feb. 20, 2007) (since the party maintained throughout arbitration that certain claims were barred by the applicable agreement, his failure to formally object to the arbitrator's authority did not waive that objection). No waiver occurred.

*Global* and held that manifest disregard of the law is no longer an independent, non-statutory basis

for vacating an arbitration award under the FAA.  562 F.3d at 355, 358.  Under *Citigroup Global*,

a court may vacate an arbitration award only for reasons provided in § 10 of the FAA.  *Id.* at 358

(citing *Hall Street*, 128 S.Ct. at 1405).

In this case, Plaintiff raises manifest disregard of the law as a non-statutory basis for vacating

the arbitrator's award of injunctive relief and attorney's fees.  Under the specific holding of

*Citigroup Global*, the Court is foreclosed from reviewing this non-statutory ground.  *See Saipem Am.*

*v. Wellington Underwriting Agencies, Ltd.*, No. 08-20247, 2009 WL 1616122, at *2 (5th Cir. June

9, 2009).[7]

### III.  DEFENDANT'S CROSS-MOTION TO CONFIRM THE AWARD

HES moves the Court to confirm the award, and to grant prejudgment interest, post-judgment

interest, and attorneys fees and costs for the current litigation.  (D. Mot. at 14-15).

Pursuant to the FAA, a court may enter judgment on the arbitration award if the parties have

agreed that the court may do so, and the award has not been vacated, modified, or corrected.  *See*

9 U.S.C. § 9; *McKee v. Home Buyers Warranty Corp. II, 45 F.3d 981*, 985 (5th Cir. 1995) (citing

9 U.S.C. § 9).  In this case, Plaintiff and HES agree that the Court may enter judgment on the

arbitration award.  DRR 31.D specifically provides for this agreement when it states that the "Parties

to these rules shall be deemed to have consented that judgment upon the award of the arbitrator may

be entered and enforced in any federal or state court having jurisdiction of the Parties."  (P. App. at

011).  Given  the parties' consent that the Court may enter judgment on the award and the Court's

---

[7] In *Saipem*, the Fifth Circuit was presented with the issue of whether the Supreme Court's decision in *Hall Street* forecloses a court's review of the arbitration award on non-statutory grounds.  Relying on *Citgroup Global*, the Fifth Circuit held that a court may vacate an arbitration award only if a statutory ground supports the vacatur.  It then proceeded to consider the statutory grounds for vacatur presented in that case.

ruling that the award should not be vacated, the Court should confirm the arbitrator's final award.

Plaintiff asserts that a full confirmation of the final award in this case is unwarranted because he has already met a number of directives of the injunctive relief award. Under Fifth Circuit precedent, however, there is no requirement that a party refuse to honor the arbitration award before a court can confirm the award. *Variable Annuity Life Ins. Co. v. Bencor, Inc.*, 2006 WL 1492249, at *4 (S.D. Tex. May 30, 2006). Confirmation is appropriate even where the parties have fully complied with the award. *See id.* at *3-4 (confirming award even though the party opposing confirmation did not seek modification or vacatur, and had paid the award in full). Plaintiff's assertion therefore is without merit and the Court should fully confirm the award.

A.      **Prejudgment Interest**

HES seeks prejudgment interest from the date the arbitrator made the award through the entry of the final judgment. *Id.* Texas law governs whether a court should grant prejudgment interest on an arbitration award. *See Executone*, 26 F.3d at1329 (applying state law in reviewing a district's court's denial of pre-judgment interest); *Northrop Corp. v. Triad Int'l Mktg.*, S.A., 842 F.2d 1154, 1155 (9th Cir. 1988) (applying state law to the "determination of pre-judgment interest in a diversity suit" under the FAA). Under Texas law, a trial court must grant a prevailing party prejudgment interest on the arbitration award in all but exceptional circumstances. *See Executone*, 26 F.3d at 1330; *Richter, S.A. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 939 F.2d 1176, 1197 (5th Cir. 1991) (citing *Cavnar v. Quality Control Parking*, 696 S.W.2d 549 (Tex. 1985); *Matthews v. DesSoto*, 721 S.W.2d 286, 287 (Tex. 1986); *Concorde Limousines Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541, 549 (5th Cir. 1987)). The award "bears interest in the same manner as a judgment of a court of last resort in Texas." *Executone*, 26 F.3d at 1330 (citing *Kermacy v. First*

Case 3:07-cv-01101-O   Document 21   Filed 11/13/09   Page 11 of 13   PageID 200

*Unitarian Church*, 361 S.W.2d 734, 735-36 (Tex. Civ. App.–Austin 1962, writ ref'd n.r.e)). Where, as here, the arbitration agreement does not address interest, "interest at the rate of six percent per year is allowed...beginning on the 30th day after the date on which the amount is due and payable." *Kvaerner Oilfield, Inc. v. Cooper Cameron Corp.*, 2007 WL 1850014, at *8 (S.D. Tex. June 26, 2007) (citing Tex. Fin. Code § 302.002). Since Plaintiff does not allege any exceptional circumstances warranting its denial, HES is entitled to prejudgment interest at the rate of six percent per year from April 20, 2007[8] to the date of the judgment.

## B.     Post-Judgment Interest

HES also requests the Court to grant post-judgment interest. (D. mot. at 15). Federal law governs a reward of post-judgment interest. *Cycle Sport, L.L.C. V. Dinli Metal Indus. Co., Ltd.*, 2008 WL 4791544, at *6 (N.D. Tex. Oct. 30, 2008) (citing *Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 594-95 (5th Cir. 2006). 28 U.S.C. § 1961(a) specifically provides that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." The statute further provides that the "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28. U.S.C. § 1961(a). Because a district court's confirmation of an arbitration award is equivalent, in every respect, to any other judgment entered by the court, it is also subject to post-judgment statutory interest under § 1961. *Kvaerner*, 2007 WL 1850014, at * 9 (citations omitted). HES is entitled to post-judgment interest on the arbitration award at the rate provided in § 1961 from the date of the judgment until the date the award is paid. *See id.*

---

[8] This date is 30 days from March 21, 2007, when the arbitrator entered the final award against Plaintiff.

11

**C.**      **Attorney Fees and Costs**

HES also seeks attorney's fees incurred in defending against Plaintiff's motion to vacate. (D. Mot. at 15).  A district court may award attorney's fees against a party if its challenges to an arbitration award "are not cognizable under the FAA, are frivolous, or are without legal justification." *Ergobilt*, 2002 WL 1489521, at * 10 (citing *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tex. Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981).  The FAA and the Fifth Circuit both recognize Plaintiff's challenges to the arbitration award.  Because the challenges are not frivolous, the Court should deny HES' request for attorney's fees.

## IV.  CONCLUSION

Plaintiff's motion to vacate the arbitration award should be **DENIED**.  Defendant's motion to confirm the award and its request for prejudgment and post-judgment interest should be **GRANTED**, and  its request for attorney's fees should be **DENIED**.

**SO RECOMMENDED**, on this 13th day of November, 2009.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE