IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHESTER SHANE MCVAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1101-O |
| | § | |
| HALLIBURTON ENERGY | § | |
| SERVICES INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO STAY JUDGMENT, GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, AND DENYING DEFENDANT'S MOTION TO COMPEL

Before the Court is Plaintiff's motion to stay judgment and for a protective order (Doc. 30) and Defendant's motion to compel (Doc. 33). Plaintiff moves to suspend the enforcement of the Court's judgment, pending his appeal to the Fifth Circuit. Plaintiff also moves for a protective order that he not be required to respond to post-judgment discovery. Defendant moves to compel Plaintiff to respond to its post-judgment discovery requests. The Court will grant Plaintiff's motion to stay judgment and for a protective order and deny Defendant's motion to compel.

**I. Motion to Stay**

    **A. Judgment is Effectively a Lien on the Judgment Debtor's Property in Texas**

Federal Rule of Civil Procedure 62(f) states that, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Accordingly, if a

judgment in Texas is effectively a "lien" on the debtor's property, Rule 62(f) mandates a federal court determine the stay of execution based on Texas law. *See* Fed. R. Civ. P. 62(f).

In order to get a lien against a judgment debtor's property in Texas, an abstract of judgment must be obtained. Tex. Prop. Code Ann. § 52.001. In order to obtain an abstract of judgment, the filing party must include: both parties' names and addresses, the amount of the judgment, the number of the suit, the rate of interest, and defendant's drivers license, birth date, and last four digits of his social security number, if available. *See* Tex. Prop. Code Ann. § 53.003; In fulfilling these requirements, substantial compliance is necessary. *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 930 (Tex. App.—Dallas 1988, writ denied).

Plaintiff contends that the statutory requirements necessary to obtain an abstract of judgment are ministerial in nature. Thus, pursuant to district court case law within the Fifth Circuit, a judgment is effectively a lien under Texas law and the Court should apply Texas law per Rule 62(f). Defendant argues that rendition of a judgment does not constitute a lien, since one must comply with statutory requirements to obtain an abstract of judgment in Texas. Only after complying with these requirements can a lien be obtained. As such, Defendant contends that a judgment in Texas is not a lien and Texas law should not apply under Rule 62(f).

A ministerial act is one which is "accomplished without the exercise of discretion or judgment. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature." *In re Lee*, 13-01-542-CR, 2002 Tex. App. LEXIS 1523 (Tex. App.—Corpus Christi Feb. 28, 2002, pet. denied). In Louisiana, the law states that, "[a] judicial mortgage is created by filing a judgment with the recorder of mortgages." La. Civ. Code art.

3300. The Fifth Circuit held that under Louisiana law, because the act of filing is ministerial, "a judgment acts as a lien upon the property of the judgment debtor [under Rule 62(f)]." *State Bank & Trust Co. v. "D.J. Griffin" Boat*, 926 F.2d 449, 450 (5th Cir. 1991); *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 n.10 (5th Cir. 1993).

Plaintiff relies on language in *Umbrella Bank v. Jamison*, where the district court reasoned that because the Fifth Circuit held that a Louisiana judgment is a lien, and because the Texas statute is similar to the Louisiana statute, a Texas judgment is also a lien for purposes of Rule 62(f). 341 B.R. 835 (W.D. Tex. 2006). Neither state requires anything more than ministerial acts by the judgment creditor. *See id.* Plaintiff also relies on language from this Court in *Euromed, Inc. v. Gaylor*, which stated, "under Texas law, a properly recorded judgment does constitute a lien on the real property of the judgment debtor." 3-97-CV-0322-H, 1999 U.S. Dist. LEXIS 783 (N.D. Tex. Jan. 22, 1999). Plaintiff contends that because a judgment is effectively a lien pursuant to Rule 62(f), the Court should apply Texas state law and grant the motion to stay judgment.

Defendant cites *El Paso Independent School District (El Paso ISD) v. Richard,* arguing that the statutory requirements in Texas and Louisiana are distinct. 599 F. Supp. 2d 759, 764 (W.D. Tex. 2008). In Texas, an abstract of judgment must be filed before a lien is issued. *See* Tex. Prop. Code Ann. § 52.003. In *El Paso ISD*, the court disagreed with *Euromed* and *Jamison* and held that the Texas requirements for obtaining an abstract of judgment are distinct from the analogous Louisiana statute. *See id.* Because Louisiana has no requirements other than filing the judgment, the difference is "dispositive." *Id.* The court goes on to note that the filing of the judgment in Louisiana is a ministerial act; whereas in Texas, substantial compliance with §

3

52.003 of the Texas Property Code is required. Based on this reasoning, Defendant contends that a judgment in Texas is not a lien under Rule 62(f).

While Texas does require filing of the judgment along with additional information to obtain an abstract of judgment, there is nothing that truly distinguishes the Texas statute from the Louisiana statute in any meaningful way. *See* Tex. Prop. Code Ann. § 52.003. Because these additional acts require no discretion or judgment by the clerk in issuing an abstract of judgment, these acts are ministerial in nature. *See State Bank & Trust Co.,* 926 F.2d at 450; *Umbrella Bank* 341 B.R. at 841. Thus, it is just as easy to obtain a judgment lien in Texas as it is in Louisiana. *See id*.

The Fifth Circuit has expressly stated, citing Texas case law, that no lien is created by the mere rendition of a judgment, as an abstract of judgment must first be obtained. *White v. FDIC*, 19 F.3d 249, 251 n.5 (5th Cir. 1994); *ASARCO LLC v. Ams. Mining Corp.*, 419 B.R. 737, 744 (S.D. Tex. 2009). This statement is the focal point of Defendant's argument. However, in making this statement in *White*, the Fifth Circuit was not discussing Rule 62(f). Moreover, mere rendition of a judgment does not constitute a lien under Louisiana law, and the Fifth Circuit has not required as much for purposes of Rule 62(f). *See State Bank & Trust Co.* 926 F.2d at 450; *Castillo*, 999 F.2d at 942. Louisiana requires the judgment to be filed with the recorder of mortgages. La. Civ. Code art. 3300. In Texas, an abstract of judgment must be filed. *See* Tex. Prop. Code Ann. § 52.003. If acts subsequent to the judgment are ministerial in nature, so as to make the act of obtaining a lien almost automatic, the Fifth Circuit has held that the judgment is a lien for purposes of Rule 62(f). *See State Bank & Trust Co.* 926 F.2d at 450; *Castillo*, 999 F.2d at 942. Texas' requirements under § 52.003 aren't burdensome and require no judgment or

discretion to issue the abstract of judgment. Thus, the Court finds, consistent with the Fifth Circuit's treatment of Louisiana's judgments, that judgments in Texas are essentially liens for purposes of Rule 62(f).

Because a judgment is a lien on the judgment debtor's property under Texas law, Plaintiff is entitled to the same stay of execution as Texas law would provide. Fed. R. Civ. P. 62(f). Texas permits a stay of enforcement as a matter of right, unless the law provides otherwise. Tex. R. App. P. 24; *Ex parte Kimbrough*, 135 Tex. 624, 626, 146 S.W.2d 371, 372 (1941). Because no laws or rules that provide otherwise apply in this circumstance, Plaintiff is entitled to a stay of enforcement. *See id*.

### B. Supersedeas Bond Requirements

Both federal law and Texas law provide requirements for posting supersedeas bond. Plaintiff's request to apply Texas law is contingent upon the Court's finding regarding Rule 62(f). Regarding Rule 62(f), the Fifth Circuit has emphasized the importance of coming to the same result in the federal forum as a state court would. *Castillo*, 999 F.2d at 942. Because the Court found that Texas law should be applied pursuant to Rule 62(f), the Court will apply Texas supersedeas bond requirements. *See Id; Umbrella*, 341 B.R. at 840. Defendant limits his objection to bond requirements under federal law, arguing that the Court shouldn't waive the security requirement. *See* Fed. R. Civ. P. 62(d); *Poplar Grove Planting and Ref. Co., v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979). However, the Court is applying superseades bond requirements under Texas law. Because § 52.006 specifically caps the amount Plaintiff is required to post for supersedeas bond, Defendant's argument is not applicable. Tex. Civ. Prac. & Rem. Code § 52.006. Texas requires a losing party to post security pending appeal

as follows:

> (a) Subject to Subsection (b), when a judgment is for money, the amount of security must equal the sum of:
>   (1) the amount of compensatory damages awarded in the judgment;
>   (2) interest for the estimated duration of the appeal; and
>   (3) costs awarded in the judgment.
> (b) Notwithstanding any other law or rule of court, when a judgment is for money, the amount of security must not exceed the lesser of: (1) 50 percent of the judgment debtor's net worth; or (2) $ 25 million.

§ 52.006; Tex. R. App. P. 24.2. Under Texas Rule of Appellate Procedure 24.2(c)(1), a judgment debtor who provides a bond, deposit, or security based upon its net worth "must simultaneously file an affidavit that states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. *In re Smith*, 192 S.W.3d 564, 566 (Tex. 2006). Plaintiff has provided a sworn affidavit (Doc. 31), itemizing his assets and liabilities. The affidavit is prima facie evidence of Plaintiff's net worth. *See* Tex. R. App. P. 24. Since September 2003, the Texas Legislature has shifted its focus from protecting the interest of judgment creditors to protecting the interests of judgment debtors, helping to ensure the debtor's right to appeal. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 916-17 (Tex. App.—Houston 14th Dist. 2005, pet. filed). The inquiry is now whether the judgment debtor has the financial ability to post the supersedeas bond and whether it will result in "substantial economic harm." *Id* at 917; *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006. However, it is the judgment debtor's burden, through evidence, to show that "substantial economic harm" is likely to occur. *Id.*

Plaintiff submitted an affidavit (Doc. 31), which itemizes Plaintiff's assets and liabilities resulting in a negative net worth. The affidavit establishes that Plaintiff has $39,650 in assets

(Doc. 31, ¶ 3) and $580,221.40 in outstanding liabilities (Doc. 31, ¶ 2). Net worth is calculated by subtracting assets less liabilities. *Ramco Oil & Gas, Ltd.* 171 S.W.3d at 916; *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, pet. filed). Plaintiff attests that his net worth amounts to negative $540,571.40 (Doc. 31, ¶ 4). Because a sworn affidavit serves as prima facie evidence of net worth and because Defendant has not presented evidence to the contrary, the Court finds that the evidence is legally sufficient to accept this value as Plaintiff's net worth. As a result, posting a bond of any amount greater than $0 would violate Texas Civil Practice & Remedies Code § 52.006(b)(1), since Plaintiff has a negative net worth. Thus, the Court orders that the security for supersedeas be set at $0. *See G.M. Houser, Inc*, 204 S.W.3d at 846.

Accordingly, Plaintiff's motion for stay of judgment is **GRANTED**.

## II. Motion to Compel & Motion for Protective Order

Pursuant to Federal Rule of Civil Procedure 69(a)(2), a judgment creditor can only pursue discovery subject to the federal rules *or* the procedure of the state where the court is located. Texas Rule of Civil Procedure 621a authorizes post-judgment discovery in two specific instances. First, post-judgment discovery is authorized "for the purpose of obtaining information to aid in the enforcement of [a] judgment," but only "so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant." *Id*. Second, Rule 621a authorizes post-judgment discovery "for the purpose of obtaining information relevant to motions allowed by Texas Rule of Appellate Procedure 24." *In re Emeritus Corp.*, 179 S.W.3d at 115.

In this case, the judgment is suspended by the posting of a supersedeas bond. "The fact

7

that this Court approved a supersedeas bond totaling less than the amount of the money judgment does not diminish its power to stay all post-judgment discovery." *Brownsville, L.C. v. Vega*, B-98-23, 2009 U.S. Dist. LEXIS 82897 (S.D. Tex. Sept. 11, 2009). Moreover, the Court does not believe that discovery is warranted based on a risk that Plaintiff may dissipate all assets. *See id.* Defendant did not contest Plaintiff's financial position as presented in the affidavit establishing his net worth. Texas courts have permitted post-trial discovery when the Defendant seeks to object to a Plaintiff's affidavit supporting a supersedeas bond since the discovery is pursuant to a motion. *Id.*. However, Defendant's discovery motion pertains strictly to the original judgment. Accordingly, because Defendant's request for discovery is for the purpose of executing on the judgment, it is not proper at this time. *See Port Elevator Brownsville, L.C. v. Vega*, B-98-23, 2009 U.S. Dist. LEXIS 82897 (S.D. Tex. Sept. 11, 2009)*; Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 659 (S.D. Tex. 2009). Defendant's motion to compel discovery is **DENIED** and Plaintiff's motion for protective order is **GRANTED.**

      **SO ORDERED** this **18th** day of **June, 2010**.

                                            _____
                                            Reed O'Connor
                                            **UNITED STATES DISTRICT JUDGE**